**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MICHAEL ERSKINE,**

        **Plaintiff,**

    **v.**　　　　　　　　　　**Civil Action 2:18-cv-227**
　　　　　　　　　　　　　　**Chief Judge Edmund A. Sargus, Jr.**
　　　　　　　　　　　　　　**Magistrate Judge Jolson**

**CHARLES A. GERKEN, et al,**

        **Defendants.**


## REPORT AND RECOMMENDATION
## AND ORDER

Plaintiff Michael Erskine, a *pro se* prisoner, brings this action against Defendants Charles A. Gerken, Richard M. Wallar and Jerry L. McHenry. (*See* Doc. 1-2). This matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

For the reasons that follow, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

## I.　　MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (Doc. 1), Plaintiff's Motion is **GRANTED**. Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has an insufficient amount to pay the full filing fee. (Doc. 3).

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account at the Chillicothe Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint. After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to Clerk, United States District Court and should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

Consequently, it is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## II.    INITIAL SCREEN

### A.  Relevant Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### B. Plaintiff's Complaint

Plaintiff's Complaint states as follows:

On 9-24-86 Defendant Gerken brought forth pro forma indictment and information alleging violations of aggravated murder and aggravated Burglary against Erskine without legal statutory authority of the state of Ohio. Entering into the conspiracy to deny Erskine the due process of law, defendants Wallar and McHenry personally chose to represent Erskine in the pro forma criminal case. Leading to the detention of Erskine for years, without legal and lawful means of redress [sic]. No substantive criminal complaint, giving the court or prosecutor any right duty or obligation was filed in this case. The name of the lawful accuser is absent from the record of 86-CR-98 and 99, State v. Erskine, Hocking County Court of Common Pleas. Defendants are being sued personally, pursuant to 42 U.S.C. 1985(b) as there [sic] actions were personal against Erskine and not a matter of state substantive law.

(Doc. 1-2 at 3). Further, Plaintiff attaches an affidavit in which he alleges that the Defendants "conspire[d] together to detain Erskine in a pro forma trial without substantive law being

invoked in the pro forma cases of State v. Erskine, 86-CR-98 and 99." (*Id.* at 5). This, according to Plaintiff, violated his civil rights and denied him due process of law by "holding a sham trial without charging Erskine pursuant to Ohio Law." (*Id.*).

Plaintiff avers that he is seeking declaratory judgment "as to his legal status," as well as punitive and compensatory damages in the amount of $3,000,000 for each Defendant. (*Id.* at 4).

### C. Discussion

"Section 1985 creates a cause of action when an underlying civil rights violation is the result of a conspiracy." *Bishawi v. Northeast Ohio Correctional Center*, 628 F. App'x 339, 346 (6th Cir. 2014). As an initial matter, although Plaintiff states that he is bringing suit under "42 U.S.C. 1985(b)," there is no such section. Instead, § 1985 has three subsections: (1) Preventing officer from performing duties; (2) Obstructing justice; intimidating party, witness, or juror; and (3) Depriving persons of rights or privileges. Construing Plaintiff's Complaint liberally, the Court assumes that Plaintiff intended to proceed under § 1985(3).

"In order to establish a cause of action under § 1985(3), a plaintiff must show that the named defendants were involved in misconduct that was motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Randolph v. Campbell*, 25 F. App'x 261, 264 (6th Cir. 2001) (quotations and citations omitted); *see also Ctr. for Bio–Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007). (an essential element of § 1985(3) is "some class-based discriminatory animus behind the conspirators' action"). Plaintiff has pled nothing that comes close to resembling class-based discriminatory animus. Thus, Plaintiff has failed to plead facts sufficient to support a conspiracy claim.

Additionally, this action fails to state a claim for relief because it appears to attack his criminal convictions for aggravated murder and burglary, which have not been set aside. In

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held "that a prisoner cannot bring a civil rights action for money damages alleging a claim that would necessarily invalidate a criminal conviction unless and until that conviction has been set aside." *Foster v. Sargus*, No. 2:08-CV-00394, 2008 WL 4059932, at *1 (S.D. Ohio Aug. 25, 2008). And in *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003), "the United States Court of Appeals for the Sixth Circuit held that *Heck* bars conspiracy claims under 42 U.S.C. § 1985 when the relief sought attacks the lawfulness of a criminal conviction that has not been set aside." *Id.*

Finally, the statute of limitations applicable to claims arising in Ohio under 42 U.S.C. § 1985 is two years, as found in Ohio Revised Code § 2305.10. *Amos v. Solovan*, No. 2:17-CV-819, 2017 WL 4168407, at *2 (S.D. Ohio Sept. 19, 2017), *report and recommendation adopted*, No. 2:17-CV-819, 2017 WL 4553400 (S.D. Ohio Oct. 12, 2017) (citing *Sykes v. United States*, 507 F. App'x 455, 462 (6th Cir. 2012). "Although the statute of limitations is normally an affirmative defense that defendants must raise in an answer, if the limitations bar appears on the face of the complaint, the Court may apply it during the initial screening process." *Id.*. (citing *Watson v. Wayne County*, 90 F. App'x 814, *1 (6th Cir. January 26, 2004) ("If a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*").

Here, all of the conduct alleged in the Complaint appears to be related to Plaintiff's 1989 and 1999 state criminal cases. (Doc. 1-2). Thus, Plaintiff clearly did not file his Complaint within two years of the events in question. The statute of limitations, unless tolled for some reason, therefore, would bar further prosecution of this case. *See Amos*, 2017 WL 4168407, at *2. Plaintiff's Complaint, however, suggests no reason that the statute of limitations should be tolled.

## III.    CONCLUSION

For the reasons stated, Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **GRANTED**.  (Doc 1).  Further, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.  Finally, the Clerk is **DIRECTED** to send a copy of this Order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: March 23, 2018                              /s/ Kimberly A. Jolson
                                                 KIMBERLY A. JOLSON
                                                 UNITED STATES MAGISTRATE JUDGE