UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL G. ERSKINE,**

    **Plaintiff,**

v.

**CHARLES A. GERKEN, et al.,**

    **Defendants.**

Case No. 2:18-cv-227
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Plaintiff Michael G. Erskine's Motion to Correct a Clerical Error and for Relief under Federal Rule of Civil Procedure 60 (ECF No. 10). For the following reasons, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.

**A.   Rule 60(a)**

Plaintiff asks the Court to correct the record under Federal Rule of Civil Procedure 60(a), which states, in relevant part, that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Specifically, Plaintiff requests that the docket be corrected to show that he brings his claims under 42 U.S.C. § 1985. (Mot. at 1, ECF No. 10.) The Court **GRANTS** this request and will direct the Clerk to update the docket.

**B.   Rule 60(b)(6)**

Plaintiff also asks the Court for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). (Mot. at 1, ECF No. 10.) In her Report and Recommendation, the United States Magistrate Judge recommended that the Court dismiss Plaintiff's claims under 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A. (R. & R. at 6, ECF No. 3.) Plaintiff did not object, so the Court affirmed and adopted the Report and Recommendation and dismissed Plaintiff's claims. (May 11, 2018 Op. & Order at 1, ECF No. 8.)

Rule 60(b)'s catchall category, subsection (6), permits a court to reopen a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is available "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule" and where principles of equity mandate relief. *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)).

Plaintiff contends that he is entitled to relief under Rule 60(b)(6) because the Report and Recommendation is a "legal nullity." (Mot. at 1.) The Report and Recommendation is a nullity because the Court purportedly "has no concurrent [j]urisdiction with the 'state' court as no [j]urisdiction by law was ever invoked in the State of Ohio." (*Id.*)

Plaintiff's argument lacks merit. The Court has subject-matter jurisdiction over this case given that Plaintiff brings his claims under federal law. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Plaintiff's request under Rule 60(b)(6) is therefore **DENIED**.

## II.

For these reasons, Plaintiff's Motion to Correct a Clerical Error and for Relief under Federal Rule of Civil Procedure 60 (ECF No. 10) is **GRANTED IN PART** and **DENIED IN PART**. The Court **DIRECTS** that the docket be updated to indicate that Plaintiff brings his case under 42 U.S.C. § 1985. The Court declines though to grant Plaintiff relief from its May 11, 2018 judgment.

2

IT IS SO ORDERED.

6-27-2018
DATE

_____
EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE